## Pattie *et al.* vs Hall, Pattie *et al.*

### APPEAL FROM THE FRANKLIN CIRCUIT.

#### *Devises. Descents. Wills.*

JUDGE EWING delivered the Opinion of the Court.

THE only question submitted to the Court for their decision is, whether Wm. Hall is entitled, as the survivor of his wife, to any interest in the estate of John Pattie, deceased.

John Pattie executed an awkwardly drawn instrument, which was recorded and has been acted upon as his last will and testament, which, after making a provision for equalizing those of his children who had not been advanced, with those that had, the following clause is introduced: "So that if there is any thing to divide after my death and that of my wife, Lucy's death, that they may all share equally in the residue, if any."

PATTIE *et al.*
*vs*
HALL, PATTIE
*et al.*

CHANCERY.

*Case* 145.

*June* 3.

The case stated.

PATTIE *et al.*
*vs*
HALL, PATTIE
*et al.*

Wm. Hall had intermarried with Polly Pattie, one of the daughters of John Pattie, the decedent, who survived her father, but died before her mother, Lucy Pattie. She had by Hall three children, two of whom died in infancy, the third attained twenty-one years of age, married Blakemore and died without issue, before the death of her grand-mother, Lucy Pattie, but after the death of her mother, the wife of Hall; her husband, Blakemore, surviving her. The children of John Pattie having been all equalized, and Lucy Pattie having died, is Hall entitled to his wife's share in the residuum of personalty, slaves and land that remained after the death of Lucy Pattie? We are clear that he is.

The residuum devised is a vested remainder in each of the children of John Pattie, that were in being at his death; and Mrs. Hall's remainder in the land descended from her to her daughter, Mrs. Blakemore, and from her to her father, Mr. Hall, by the general law of descents, unless the descent was obstructed and prevented from passing to her father, by the exception contained in the fourth section of the statute of 1790, (1 *Stat. Laws,* 562.) The exception contained in this section only obstructs the descent to the father in cases where the child, deriving the estate from the mother, dies in *infancy* without issue. And as Mrs. Blakemore arrived at the age of *twenty-one* before her death, the exception does not apply: *Duncan* vs *Lafferty's administrator,* (6 *J. J. Marsh.* 47.)

A remainder in slaves and personal estate vesting in the wife during coverture vests absolutely in the husband.

As the remainder in the personal estate and slaves vested in Mrs. Hall, during coverture, it became absolutely the property of the husband, and the particular estate of Mrs. Pattie did not affect his right: *Banks' administrator* vs *Marksberry,* (3 *Litt.* 276.)

Intention of testator governing principle in the construction of wills, but the provisions cannot be transcended to impose restrictions not in the contemplation of the testator.

It is true that the intention of the testator should be the governing rule in the construction of wills, and should be carried out, and the estate vested in those in whom he intended it to vest, so far as that intention has been expressed, or can, by fair interpretation, be implied. But we cannot look beyond the provisons of the will, or impose limitations and restrictions on the future course of descents, not contemplated or provided for by the testa-

tor, but must leave the estate afterwards to descend and pass as the law directs.

The decree of the Circuit Court is affirmed with costs.

*Hewitt* for appellants; *Morehead & Reed* for appellees.